NO. 07-09-0300-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 26, 2010

_____

TIMOTHY MARK RAMIREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5897; HONORABLE KELLY G. MOORE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Timothy Mark Ramirez was convicted of possessing at least one gram but less than four grams of cocaine with intent to deliver. On appeal, he challenges the legal and factual sufficiency of the evidence showing that he possessed the drugs and had the intent to deliver them to others. We affirm the judgment.

*Background*

On December 13, 2008, the Brownfield Police Department executed a search warrant at the home of Crystal Garza. Those present were Crystal, her two small

daughters, Sammy Martinez, and appellant. The latter was Crystal's intermittent boyfriend and the father of the two children. When the police entered, both appellant and Crystal informed them of the drugs' location. According to one officer, appellant not only said that "he'll show us where everything was at" but also that "'[t]hey had nothing to do with it'" and "[l]et them go.'" In a dresser upon which were placed men's underwear and socks were found several individual packets of cocaine. Also discovered in the same dresser was approximately $1300 in cash. The cash consisted of five, ten, and twenty dollar bills, which denominations were normally found on those selling drugs, according to one officer. A police scanner and a set of scales (two items also used in the drug trade according to the officer), were discovered on or in the dresser as well. So too did those searching the abode find checks payable to appellant, a crack pipe, a black book with names and numbers in it, and plastic baggies with the corners cut off. Several of the latter items, though, were found in another bedroom as opposed to the master bedroom where the drugs and money were located.

*Sufficiency of the Evidence*

As previously stated, appellant attacks the legal and factual sufficiency of the evidence showing that he knowingly possessed the drugs with intent to deliver. The pertinent standards of review are well known and need not be reiterated. They can be found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006).

Next, to convict appellant of the charged offense, the State was required to prove that he intentionally and knowingly possessed cocaine with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. §481.112(c) (Vernon Supp. 2009). Upon perusing the

2

record to determine whether those elements were established, we came upon the following evidence.

Appellant was in the house at the time, and though he supposedly lived elsewhere, he intended to spend the night and was receiving friends there before the raid. Checks addressed to him were also at the house. Men's boxer shorts and socks were located in the master bedroom atop one of the two dressers; ladies undergarments were found in the other dresser. The individually wrapped packets of cocaine, packets of money, scales, and police scanner were found in or on the dresser upon which were located the men's boxer shorts. And, most importantly, appellant not only directed the officers to the location of the drugs but also said that others present should be released because they had nothing to do with the substances. That the denomination of the paper money discovered coincided with that possessed by drug traffickers was another bit of evidence upon which a rational jury could have relied in reaching its verdict. The same can be said of the scales and police scanner. Nor can we ignore Crystal's testimony that the drugs were acquired not only for her use but to distribute or "give" to others or her friends. When taken together, the sum of this evidence was enough to permit a rational jury to link appellant to the drugs and conclude beyond reasonable doubt that he exercised care, custody and control over them with the intent to deliver. *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006).

Admittedly, Crystal testified that she owned the drugs, that appellant knew nothing of them, that she bought them to distribute at a bachelorette party, that she was estranged from appellant (though she already had two children by him and was

3

pregnant with his child at the time of trial, sought financial help from him, and allowed him to sleep over), that she owned and wore the men's boxer shorts that were atop the dresser, and that she owned and read the sexually explicit men's magazines depicting nude women which were found at the house. Yet, that simply created a question of fact regarding who actually possessed the contraband. So too did it raise credibility issues which were for the jury to decide. And, though the jury was free to accept her version of the circumstances, it was not required to do so. Indeed, it could well have concluded that she was less than truthful in order to save from prison the father of her expected child upon whom she relied for financial assistance. If in prison, he would not be able to provide her the financial support which she admittedly sought from him. That she had already been granted probation by the time she testified and was unlikely to be further prosecuted by the time she testified could have also been a factor considered by the jury in assessing her veracity. Consequently, we cannot say that the jury's verdict was against the great weight of the evidence or manifestly wrong.

Accordingly, we overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

4